BARBARA M. G. LYNN, CHIEF JUDGE
Before the Court is Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification. (ECF No. 52). For the reasons stated below, the Motion is GRANTED .
I. Factual and Procedural Background
Plaintiff Rondellte Frazier is a full-time employee of Defendant Dallas/Fort Worth International Airport Board ("DFW Board"). (See Am. Compl. ¶¶ 31, 34, ECF No. 29). He provides security-related services, like inspections and traffic management, as a Civilian Security Officer at the airport. (Frazier Aff. ¶ 4, ECF No. 53-1). For the last several years, DFW Board has been involved with the construction of an updated terminal at the airport. (Am. Compl. ¶ 32). In furtherance of this project, DFW Board contracted with several other companies[1] (collectively, the "Companies")
*972 to help with construction. (Id. ) The Companies then hired Plaintiff as an independent contractor to provide security-related services when he was not working for DFW Board. (Id. ¶¶ 30, 35-37).
Despite being labeled as an independent contractor, Plaintiff claims that he was in fact jointly employed by DFW Board and the Companies. (Am. Compl. ¶¶ 30, 64-65, 68). Accordingly, he argues that DFW Board should have calculated his eligibility for overtime wages by combining the hours he worked for DFW Board and the Companies. (Id. ) Plaintiff filed this putative collective action, on behalf of himself and others similarly situated, to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff moves for conditional certification and notice to the following sub-classes:
[1] All Civilian Security Officers who were employed by [DFW Board] and MBJ3 as an alleged independent contractor at any time during the three years preceding the filing of this lawsuit and who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks;
[2] All Civilian Security Officers who were employed by [DFW Board] and Wells Global as an alleged independent contractor at any time ...;
[3] All Civilian Security Officers who were employed by [DFW Board] and EAS as an alleged independent contractor at any time ...;
[4] All Civilian Security Officers who were employed by [DFW Board] and Haydon as an alleged independent contractor at any time ...;
[5] All Civilian Security Officers who were employed by [DFW Board] and Phillips as an alleged independent contractor at any time ...;
[6] All Civilian Security Officers who were employed by [DFW Board] and Balfour as an alleged independent contractor at any time ....
(See Am. Compl. ¶ 73).
II. Legal Standard
The FLSA authorizes Plaintiff to bring a collective action on behalf of similarly situated employees. See 29 U.S.C. § 216(b). A two-stage test is used to determine whether a collective action is appropriate. See Redus v. CSPH, Inc. , 2017 WL 2188777, at *1 (N.D. Tex. May 17, 2017) ; see also Mooney v. Aramco Servs. Co. , 54 F.3d 1207, 1216 (5th Cir. 1995) (finding no abuse of discretion where district court applied two-stage test).
At the "notice" stage, Plaintiff must show that there are employees who are "similarly situated with respect to their job requirements and with regard to their pay provisions."[2] Redus , 2017 WL 2188777, at *2 (internal quotation marks and citations omitted). This is a fairly lenient burden, one that a plaintiff can typically meet. Id. ; see also Mooney , 54 F.3d at 1214. Plaintiff need not demonstrate uniformity "in each and every aspect of employment" among potential class members. See Jones v. SuperMedia Inc., 281 F.R.D. 282, 288 (N.D. Tex. 2012). A court will foreclose a plaintiff's right to proceed *973 collectively only if the action "relates to circumstances personal to plaintiff rather than any generally applicable policy or practice." Black v. Settlepou, P.C. , 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011) ; see also Mooney , 54 F.3d at 1214 n.8 (requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan"). The court does not assess merits of the case at this stage. See, e.g. , Jones v. JGC Dallas LLC , 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.") (citation omitted); Lee v. Metrocare Servs. , 980 F.Supp.2d 754, 767 (N.D. Tex. 2013).
If a plaintiff makes the requisite showing, the court will conditionally certify the class and allow the plaintiff to notify potential class members so that they may "opt-in" to the suit.[3] Redus , 2017 WL 2188777, at *2. The court must exercise its discretion "regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether to join the lawsuit." Behnken v. Luminant Min. Co., LLC , 997 F.Supp.2d 511, 523 (N.D. Tex. 2014). Absent reasonable objections, a plaintiff "should be allowed to use the language of [his] choice in drafting the notice." See Vargas v. Richardson Trident Co. , 2010 WL 730155, at *11 (S.D. Tex. Feb. 22, 2010) (citation omitted). After notice and time for opting-in, the case proceeds as a collective action throughout discovery. Redus , 2017 WL 2188777, at *2.
At the "decertification" stage, after discovery is largely complete, the court determines whether the case should remain as a collective action through trial. See Redus , 2017 WL 2188777, at *2. The class will be decertified if the class is not in fact comprised of similarly situated employees. Id.
III. Analysis
Plaintiff has provided sufficient evidence to establish that similarly situated employees exist. Plaintiff has submitted six declarations, one from himself and the others from employees who have opted-in to the lawsuit. All of them are current or former Civilian Security Officers for DFW Board. (Pl. App. at 1, 11, 20, 29, 38, 47, ECF No. 53-1). They have also worked for some or all of the Companies as independent contractors, and they highlight the high-level of control the Companies have exercised over their work. (See, e.g ., id. at 12, 15-16). They describe performing the same set of duties,[4] at the same location, wearing the same badge and uniform, using the same equipment, reporting to the same supervisors, and following the same rules and policies whether working for *974 DFW Board or the Companies. (See, e.g. , id. at 12-15). However, they were paid separately by DFW Board and the Companies, and their eligibility for overtime was not calculated by combining the hours worked for both. (See e.g. , id. at 14). The uniformity of these declarations suggests that there are other similarly situated employees with respect to their job requirements and pay arrangements; it suggests Plaintiff's circumstances are neither uniquely personal nor specific to work for a particular Company. The record sufficiently supports, at this stage, the existence of a common plan where DFW Board does not pay overtime wages to Civilian Security Officers because they are hired as independent contractors by the Companies.
Defendant highlights some variations among potential class members, including their job responsibilities and the hours they worked for the Companies. (Def. Resp. at 8-10, ECF No. 91). However, Plaintiff need not demonstrate uniformity "in each and every aspect of employment" among class members. See Jones, 281 F.R.D. at 288 ; see also Walker v. Honghua Am., LLC, 870 F.Supp.2d 462, 468 (S.D. Tex. 2012) ("Slight differences in job duties or functions do not run afoul of the similarly situated requirement."). It is also not apparent that any of the noted differences are relevant or make the jobs so dissimilar as to deny class certification. For example, some of Defendant's declarants-who are also Civilian Security Officers for DFW Board who have worked for the Companies-state not having access to the same tools in both jobs. (See Def. App. 15, 19, ECF No. 92-1). Such slight differences will not defeat certification at this stage.
Next, Defendant argues that the class will not be manageable because individual analysis is required to determine damages, whether a class member is an independent contractor, and whether DFW Board is a joint employer with each of the Companies. (Def. Resp. at 17-20). Plaintiff presents evidence to indicate that such individual analysis may not be necessary. The other employees who have consented to participate in the case uniformly describe the same employment relationship with DFW Board and all of the Companies. More importantly, the alleged need for individual analysis is not a sufficient reason, at this stage, to deny conditional certification. Plaintiff must merely show that similarly situated employees exist. Any need for individual analysis should become apparent through discovery, and Defendant's concerns can be addressed then by a decertification motion or by bifurcating the liability portion of the case from the damages portion. See also Roberts v. S.B. S. Welding, L.L.C. , 140 F.Supp.3d 601, 604 n.1 (N.D. Tex. 2015) ("Whether ... other putative class members are 'employees,' as that term is relevant to an FLSA claim, ... turns on the merits of the case, and is thus not appropriate at this preliminary stage."); Meseck v. TAK Communications, Inc., 2011 WL 1190579, at *6 (D. Minn. Mar. 28, 2011) ("Courts in this district and elsewhere consistently hold that such potential defenses and individualized inquiries should not prevent conditional certification at the notice stage and are more appropriately addressed through a decertification motion."); Lemus v. Burnham Painting and Drywall Corp. , 2007 WL 1875539, at *5 (D. Nev. June 25, 2007) ("The fact intensive inquiries concerning whether the plaintiffs are independent contractors or employees for the purposes of the FLSA, and detailed analysis of whether the plaintiffs are sufficiently similarly situated to maintain the class are more appropriately decided after notice has been given, the deadline to opt in has passed, and discovery has closed.").
*975 The Court next considers the form and content of notice that should be given to potential class members. Defendant objects to the proposed notice because it incorrectly identifies as defendants parties who are no longer involved with the case.[5] (Def. Resp. at 25). Plaintiff has addressed Defendant's concerns by amending the notice accordingly. (See Pl. Reply at Exs. A-B, ECF No. 93).
In its "duty to ensure that the notice is fair and accurate," the Court makes one substantive change to Plaintiff's proposal. Vargas , 2010 WL 730155, at *11. Plaintiff requests to notify-and that Defendant provide contact information for-all Civilian Security Officers who have worked for DFW Board and one or more of the Companies since 2013. (See ECF No. 52-1). However, the record is unclear whether Defendant has information indicating whether a particular Civilian Security Officer has actually worked for one or more of the Companies. Compare Frazier Aff. ¶ 14 (stating that DFW Board and the Companies "jointly maintain employment records including records of hours worked and posts manned") with Def. Resp. at 7-8 (stating that Companies manage and pay Civilian Security Officers directly, without DFW Board's involvement). Moreover, information from 2013 is not relevant here. The FLSA statute of limitations is also two years-three for willful violations-and runs from the date an employee files its consent form with the Court. See 29 U.S.C. §§ 255, 256. The Court therefore authorizes notice to Civilian Security Officers who worked for DFW Airport within the past three years from the date of this Order. It will also require an employee to identify on the consent form which of the Companies he or she has worked for in that span. Otherwise, the Court finds that the proposed notice and consent forms are accurate and includes information needed to make an informed decision about whether to join the lawsuit.
IV. Conclusion
The Court concludes that Plaintiff has satisfied his burden for conditional certification, and the Court permits notice to potential class members. Accordingly, Plaintiff's Motion is GRANTED .
By January 31, 2018, Defendant shall email Plaintiff the following information in a Microsoft Excel Spreadsheet or like document: (1) names of all Civilian Security Officers who performed security services for DFW Board at any time since January 17, 2015, (2) their current and last known home address, email address, and telephone number, (3) their dates of employment by DFW Board. By February 14, 2018, Plaintiff shall send to each of these individuals the "Notice" and the "Consent to be Party Plaintiff," in the forms attached, by first-class mailing, special delivery, email, and/or DocuSign. Within five (5) days after mailing, Plaintiff shall inform the Court and Defendant the exact date of mailing. Within thirty (30) days after mailing, Plaintiff may send each individual a "Reminder Postcard," in the form attached.
Employees may opt-in to the lawsuit within forty-five (45) days after mailing. Their signed consent forms must be postmarked, *976 fax-stamped, emailed, or signed via DocuSign on or before this deadline. Upon request, Plaintiff will provide proof of receipt of consent forms to Defendant. Others who file their consent forms after the deadline may join this lawsuit only with Defendant's consent or by order of the Court. Furthermore, the forms must be filed with the Court within fifty-five (55) days after mailing. The statute of limitations runs from the date written consent is filed with the Court. See 29 U.S.C. § 256.
Within seventy-five (75) days after mailing, the Parties shall confer pursuant to Federal Rule of Civil Procedure 16(b) and present the Court with a proposed scheduling order covering the items set forth in the Court's November 23, 2016, Order. (See ECF No. 31). The proposed scheduling order will set forth the Parties' agreements concerning discovery and trial-related deadlines.
SO ORDERED.
Attachment
NOTICE OF CONSENT
1. I hereby consent to become a party plaintiff in the lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA'') to recover unpaid wages and overtime from D/FW International Airport Board and/or any other entities or individuals who are determined to be employers under the Fair Labor Standards Act (collectively "D/FW Airport").
2. I hereby consent, agree, and opt-in to become a plaintiff and be bound by any judgment by the Court or any settlement.
3. I further consent and agree to be represented by The Law Office of Chris R. Miltenberger, PLLC in this matter and any subsequent related litigation against D/FW Airport.
4. I designate Rondellte Frazier, the Class Representative, as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.
5. In the event of any subsequent or follow-on litigation concerning this matter, I authorize Plaintiff's counsel named above to use this Consent Form to re-file my claims in any separate or related action against D/FW Airport.
Date: _______________ _______________ Signature: _______________ Printed Name *977 Name: ____________________________________________ Street Address: __________________________________ Mailing Address: _________________________________ City, State & Zip Code: __________________________ Daytime Telephone: _______________________________ Cellular Telephone: ______________________________ E-Mail Address: __________________________________ Beginning Date of Employment at D/FW Airport: ____ Ending Date of Employment at D/FW Airport: _______ Contractor(s) that I have worked for (check all that apply): [ ] Wells Global, LLC [ ] Balfour Beatty Construction Corporation [ ] EAS Contracting, LP [ ] Joint Venture of Manhattan/Byrne/JRT/3i [ ] Phillips/May Corporation Phone Number of Alternate Contact Person: ________
*978 IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
Rondellte Frazier, individually and on behalf of all others similarly situated, Plaintiff,
v.
Dallas/Fort Worth International Airport Board, Defendant.
CA No.: 3:16-cv-2657-M
Collective Action
Jury Demanded
NOTICE OF COLLECTIVE ACTION AND OPPORTUNITY TO JOIN LAWSUIT
To: Civilian Security Officers who performed security services for DFW Airport and one of the Contractors listed below at any time from January 17, 2015 to the present.
Re: Fair Labor Standards Act ("FLSA") lawsuit seeking to recover overtime pay.
Date:_____________
The purpose of this notice is to inform you that you may be eligible to join a collective action lawsuit against Dallas/Fort Worth International Airport Board ("DFW Airport "), and to explain how you may do so. In the lawsuit, Ron Frazier ("Frazier " or "Plaintiff ") alleges that he is owed overtime pay for hours he worked while employed by DFW Airport and the Joint Venture Manhattan/Byrne/JRT/3i/ ("MBJ3 "), Wells Global, LLC ("Wells Global "), EAS Contracting, LP ("EAS "), Haydon Building Corp. ("Haydon "), Phillips/May Corporation ("Phillips "), and Balfour Beatty Construction Corporation ("Balfour ") (MBJ3, Wells Global, EAS, Haydon, Phillips and Balfour each a "Contractor " and collectively "Contractors ") You have the right to participate in this collective action lawsuit and this Notice explains how you may do so.
What is this lawsuit about?
In the lawsuit, Frazier is seeking to recover overtime pay for hours he alleges that he worked over 40 hours in a work week while performing security services for DFW Airport as a Civilian Security Officer. The lawsuit claims that the hours Civilian Security Officers worked for DFW Airport and the hours Civilian Security Officers worked for one of the Contractors should be combined on a weekly basis to determine eligibility for overtime pay. Frazier claims that when you combine the hours, he worked more than 40 hours in a week but did not receive overtime pay. Frazier seeks back wages for the time worked over 40 hours a week. In addition to back wages and unpaid overtime, Frazier is seeking liquidated damages equal to his unpaid wages and overtime, attorneys' fees, and costs. DFW Airport contends that Frazier and the Civilian Security Officers were/are paid appropriately.
The Court has not decided whether DFW Airport failed to pay any overtime wages owed. The plaintiffs in this lawsuit must prove their claim at trial unless the case is settled.
What happens if I join this lawsuit?
*979 If you join this lawsuit, you consent to having Mr. Frazier represent you and the other Civilian Security Officers as lead plaintiff, and to having Mr. Miltenberger and his law firm act as your legal representative in this matter. You may have to answer questions about your claim, respond to written discovery requests, provide documents and/or provide testimony in a deposition.
If you join this lawsuit and Frazier and the Civilian Security Officers win, you may get an amount up to two times the unpaid overtime wages that should have been paid. Mr. Miltenberger and his law firm are representing Frazier and the Civilian Security Officers on a contingency fee basis, which means if there is no recovery, they receive no attorneys' fees. If there is a recovery, Mr. Miltenberger and his law firm will be paid a percentage of the monetary judgment or settlement for you and other class members. If you join this lawsuit and Frazier and the Civilian Security Officers lose, you will get nothing and are barred from bringing a future claim for unpaid overtime wages for your hours worked from January 17, 2015 to the present.
How do I join the lawsuit?
If you want to join the lawsuit, fill out the enclosed Consent to Join Lawsuit form and mail, email or fax it back to Mr. Miltenberger's law firm. It must be mailed or received by ____________. A Consent to Join Lawsuit form is enclosed with a self-addressed stamped envelope.
What are my choices?
If you wish to join the lawsuit, mail in your Consent to Join Lawsuit form by ____________, 2018. If you choose to join in the case, you will be bound by the result in this case, whether it is favorable or unfavorable.
If you do not wish to join the lawsuit, you are free to do nothing. You will not be bound by the outcome, whether favorable or unfavorable. You will not be entitled to recover if Frazier and the Civilian Security Officers win. You can, however, bring your own lawsuit.
Can DFW Airport retaliate against me for joining this lawsuit?
No. Federal law prohibits anyone from discriminating or retaliating against you for taking part in this case and DFW Airport will be required to follow the law.
Can I get more details?
To learn more, you can call Chris Miltenberger, Frazier and the Civilian Security Officers' attorney, at 1-817-416-5060. The call is confidential. Or write or email to:
Chris R. Miltenberger, Esq.
1340 N. White Chapel Blvd., Suite 100
Southlake, Texas 76092
817-416-5060 (phone); 817-416-5062 (fax)
chris@crmlawpractice.com;
www.crmlawpractice.com
IMPORTANT REMINDER REGARDING FRAZIER V. DFW AIRPORT
Notice Materials were recently mailed to you in regard to the Frazier v DFW Airport . lawsuit, in which Mr. Frazier alleges violations of the Fair Labor Standards Act ("FLSA").
In order to participate in this lawsuit, you must complete, sign, and mail, fax or email the Consent to Join Lawsuit form contained in the Notice Materials so that it is received by Frazier's attorneys (at the address below) on or before _______, 2018.
Chris R. Miltenberger, Esq.
1340 N. White Chapel Blvd., Suite 100
Southlake, Texas 76092
817-416-5060 (phone); 817-416-5062 (fax)
chris@crmlawpractice.com;
www.crmlawpractice.com *980 If you did not receive your Notice Materials, please contact Chris Miltenberger, Esq. at 817-416-5060 or at chris@crmlawpractice.com to request another copy be mailed or emailed to you.

Wells Global, LLC ("Wells Global"), EAS Contracting, LP ("EAS"), Phillips/May Corporation ("Phillips"), Balfour Beatty Construction Corporation ("Balfour"), and the joint venture of Manhattan/Byrne/JRT/3i ("MBJ3").

Review at the notice stage is usually based upon the pleadings and any affidavits that have been submitted. See Oliver v. Aegis Commc'ns Grp., Inc. , 2008 WL 7483891, at *2 (N.D. Tex. Oct. 30, 2008) (citation omitted).

Unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA follow an "opt-in" procedure. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Such duties include (1) terminal, construction site, and infrastructure security patrols, (2) inspection of vehicles for appropriate clearance, (3) traffic management, (4), issuance of visitor clearance, (5) counter-terrorism activities including surveillance, detection, and deterrence functions, and (6) confirmation of regulatory compliance of airport and tenant facilities and personnel. (See Pl. App. at 2-3, 12-13, 21-22, 30-31, 39-40, 48-49).

Defendant also notes that it further "reserves the right" to object on other grounds if the Court conditionally certifies the class. (Def. Resp. at 25). The Court holds that Defendant has waived further objections to the notice. Plaintiff moves for both conditional certification and notice to potential class members. He filed this motion-attaching the proposed form and content of notice-on December 27, 2016. (See ECF Nos. 52, 53). Defendant has had plenty of time to respond, but failed to raise other, reasonable objections. Additional delays in notice may also preclude claims of potential class members.